**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4814**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JERMAINE LAMAR SMITH,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:03-cr-00330-REP-11)

Submitted:  March 13, 2014          Decided:  March 26, 2014

Before KING, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Nicholas J. Xenakis, Research & Writing Attorney, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Lamar Smith admitted several violations of the conditions of his supervised release and was sentenced to six months of imprisonment and an additional twenty-four-month term of supervised release. On appeal, Smith argues that the district court failed to adequately explain its reasons for imposing that sentence. We disagree.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Crudup, 461 F.3d at 439. The district court also must provide an explanation of the chosen sentence, although this explanation "need not be as detailed or specific" as is required for a sentence imposed upon conviction of the underlying criminal offense. United States v. Thompson,

2

595 F.3d 544, 547 (4th Cir. 2010). An explanation of sentence upon revocation of supervised release "should . . . provide . . . assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before him, and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

Here, the district court's comments during Smith's revocation hearing do just that. See Thompson, 595 F.3d at 547 (noting that "district court's reasons for imposing a within-range sentence may be clear from context, including the court's statements to the defendant throughout the sentencing hearing") (internal citation omitted). The district court engaged Smith at length regarding his failure to make sufficient efforts to search for employment and ultimately rejected Smith's suggestion that a limited job market excused his neglect. See Moulden, 478 F.3d at 655 (noting that revocation sentence is intended "to sanction the violator for failing to abide by the conditions of the court-ordered supervision and to punish the inherent breach of trust indicated by the defendant's behavior") (internal quotation marks omitted). The court also pressed Smith on whether, in light of his record, six months' imprisonment was sufficient to "get [Smith's] attention" and correctly disagreed with Smith's suggestion that deterrence was not a proper

3

consideration when imposing sentence. See United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013) (explaining that district court appropriately considered whether revocation "sentence would adequately deter violations of supervised release").

Additionally, echoing its concern regarding Smith's ability and motivation to find employment, the district court explained that an additional term of supervised release would hopefully help Smith secure a job and avoid further incarceration. See United States v. Bennett, 698 F.3d 194, 197-99 (4th Cir. 2012) (noting that district court is permitted to consider need for rehabilitation when imposing term of supervised release), cert. denied, 133 S. Ct. 1506 (2013). Accordingly, this is not a case where the district court failed to offer any explanation for its sentencing decision or where we are forced to "guess at the district court's rationale." United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009); see Thompson, 595 F.3d at 547.

Because there is also no indication that Smith's sentence is substantively unreasonable, we affirm the district court's judgment. See Crudup, 461 F.3d at 440 (explaining that revocation sentence is substantively reasonable if district court states proper basis for concluding that defendant should receive sentence imposed). We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED